JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18 2545

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
NATIONAL STUDENT ASSIST LLC
22287 Mulholland Hwy 140
Calabasas, CA 91302

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☒ 3   Federal Question
*(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
Defendant
- ☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original
Proceeding
- ☐ 2   Removed from
State Court
- ☐ 3   Remanded from
Appellate Court
- ☐ 4   Reinstated or
Reopened
- ☐ 5   Transferred from
Another District
*(specify)*
- ☐ 6   Multidistrict
Litigation -
Transfer
- ☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act, 47 U.S.C. 227

Brief description of cause:
Defendants robocalled my cell phone in violation of the TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
24,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/15/2018

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**




**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*



Address of Plaintiff: _____ 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: _____ 22287 Mulholland Hwy 140, Calabasas, CA 91302

Place of Accident, Incident or Transaction: _____ By phone call to my private telephone.

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/15/2018   *James E. Shelton*
_____   _____   _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* ___ Violations of the TCPA, 47 U.S.C. 227 ___

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ James Everett Shelton _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 06/15/2018   *James E. Shelton*
_____   _____   _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES EVERETT SHELTON

v.

NATIONAL STUDENT ASSIST LLC

:
:
:
:
:

CIVIL ACTION

NO. **18   2545**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.            (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.            (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)            (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

| 6/15/2018 | *James E. Shelton* | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | 888-329-0305 | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com

Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON )<br>316 Covered Bridge Road )<br>King of Prussia, PA 19406 )<br>　　　　Plaintiff, ) | Civil Action |
| 　　　　v. ) | No. _____ **1 8   2545** |
| NATIONAL STUDENT ASSIST LLC )<br>22287 Mulholland Hwy 140 )<br>Calabasas, CA 91302 )<br> ) | |
| NIR J. GOLDIN, individually and in his capacity )<br>as Managing Member/ CEO of NATIONAL )<br>23908 Berndon St, )<br>Woodland Hills, CA 91367 )<br> ) | |
| LIBERTY FINANCIAL USA, LLC )<br>c/o The Company Corporation )<br>251 Little Falls Drive, )<br>Wilmington, DE 19808 )<br> ) | |
| BRIAN M. ROCHE, individually and in his )<br>capacity as CEO/ Owner of Liberty Financial )<br>USA, LLC )<br>2620 S. Maryland Pkwy, Ste 14-136 )<br>Las Vegas, NV 89109 )<br> ) | |
| DOES 1-100, inclusive )<br>　　　　Defendants ) | **Jury Trial Demanded** |

## COMPLAINT:

Plaintiff JAMES EVERETT SHELTON brings this action for damages, statutory

damages, court costs, and injunctive relief under rights pursuant to Federal Statute under 47

1

U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of NATIONAL STUDENT ASSIST LLC (hereinafter "NATIONAL"), NIR J. GOLDIN, individually and in his capacity as Managing Member/CEO of NATIONAL, LIBERTY FINANCIAL USA, LLC (hereinafter "LIBERTY"), and BRIAN M. ROCHE, individually and as Managing Member and/or Owner of LIBERTY, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls") using an automatic telephone dialing system ("ATDS calls") in violation of the Telephone Consumer Protection Act, 47U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff brings this action to challenge Defendants' practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Defendants' and Defendants' agents' illegal telephone solicitations by which they market their products and services by calling consumers whose numbers are listed on the National Do-Not-Call Registry utilizing automated dialing equipment, and Defendants' failure to maintain a Do-Not-Call list or Do-Not-Call policy.

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

2

4.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communication Commission.[1]

5.      Plaintiff alleges that Defendants placed numerous telemarketing calls to Plaintiff's cellular telephone number for the purposes of advertising debt relief services, using an automatic telephone dialing system (ATDS), which is prohibited by the TCPA.

6.      Plaintiff never consented to receive any of these calls.

7.      All of the claims asserted herein arise out of Defendants' illegal telephone solicitation campaign and are a common fact pattern.

## II.      Jurisdiction and Venue

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this court in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County. Plaintiff received the phone calls to his private mobile telephone number as a permanent resident of Montgomery County. Defendants conduct business in this judicial district by calling Pennsylvania consumers. Plaintiff's telephone number has a (484) Pennsylvania area code and is registered to Plaintiff's home address. Each of the Defendants has sufficient minimum contacts with this county, and otherwise purposely avail themselves of the markets in this county. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent…; it occurred when the [facsimile] was received."

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶ (July 10, 2015)

3

## III.    Parties

10.    Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who has a residence of 316 Covered Bridge Road, King of Prussia, PA 19406.

11.    Defendant NATIONAL STUDENT ASSIST LLC ("NATIONAL") is a California limited liability company with a registered principal address of 22287 Mulholland Hwy 140, Calabasas, CA 91302, and a registered agent of NIR J. GOLDIN. NATIONAL transacts business in, *inter alia*, Montgomery County, Pennsylvania. NATIONAL is not registered to do business in the Commonwealth of Pennsylvania, however, NATIONAL markets and sells, *inter alia*, student loan relief and/or debt consolidation and debt forgiveness services to people in Pennsylvania.

12.    Defendant NIR J. GOLDIN ("GOLDIN") is a resident of the State of California and the Registered Agent of NATIONAL. GOLDIN is believed to reside at 23908 Berndon Street, Woodland Hills, CA 91367. GOLDIN is the Managing Member and upon information and belief, is the primary Owner of NATIONAL. GOLDIN is the primary individual who reaps the benefit of the illegal and tortious conduct that is carried out technically in NATIONAL's name only. Such deliberate and knowing conduct exceeds the permissible actions of corporations in Pennsylvania, California, and nationwide.

13.    Defendant LIBERTY FINANCIAL USA, LLC ("LIBERTY") is a Delaware limited liability company with a principal business location of 2620 S. Maryland Pkwy, Las Vegas, NV 89109. LIBERTY's registered agent is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808. LIBERTY is not registered to do business in the Commonwealth of

4

Pennsylvania, however, LIBERTY markets and sells, *inter alia*, debt relief and/or debt consolidation and debt forgiveness services to people in Pennsylvania.

14.     Defendant BRIAN M. ROCHE ("ROCHE") is a resident of the State of Nevada and the CEO and/or Managing Member of LIBERTY. ROCHE is a former professional football player who played Tight End in the National Football League (NFL) for the San Diego Chargers and Kansas City Chiefs between 1996-1998. ROCHE may be served at 2620 S. Maryland Pkwy Ste 14-136, Las Vegas, NV 89109. It is believed, and therefore averred, that ROCHE is the Managing Member and upon information and belief, is the primary Owner of LIBERTY. ROCHE is the primary individual who reaps the benefit of the illegal and tortious conduct that is carried out technically in LIBERTY's name only. Such deliberate and knowing conduct exceeds the permissible actions of corporations in Pennsylvania, Delaware, Nevada, and nationwide.

15.     At all times herein mentioned, NATIONAL, GOLDIN, LIBERTY, and ROCHE (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

16.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

5

17.     At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

18.     Plaintiff is unaware of the true identities of the automated dialing defendants sued as DOES 1-100. Plaintiff will seek leave of the court to amend his complaint when their identities have been more fully ascertained.

## Background
### The Telephone Consumer Protection Act

19.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do-Not-Call Registry

20.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

21.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

6

The TCPA Prohibits Automated Telemarketing Calls

22.     The TCPA makes it unlawful to make any call (other than a call made for emergency

purposes or made with the prior express written consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number

assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA

provides for a private cause of action to persons who receive calls in violation of 47 U.S.C. §

227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

23.     According to findings by the Federal Communications Commission ("FCC"), the agency

Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient.

24.     The FCC also recognized that "wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used." In re Rules and Regulations

Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order,

18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003). In 2013, the FCC required prior express written

consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers

and residential lines.

Specifically, it ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be

    sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the

    consequences of providing the requested consent, i.e., that the consumer will receive future

7

calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.**

25.     Under the TCPA, an individual such as GOLDIN or ROCHE may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 227 of the TCPA, which reads, *inter alia*:

[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

47 U.S.C. § 227 (emphasis added).

26.     When considering individual officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See, *e.g., Jackson v. Five Star Catering, Inc., v. Beason,* 2013 U.S. Dist. LEXIS 159985, \*10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the

8

conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

27.     Defendants GOLDIN and ROCHE are personally liable under the "participation theory" of liability because they are corporate officers and/or the principal Owners of NATIONAL and LIBERTY, respectively, knew of their companies' violations, and directed employees and/or agents of these NATIONAL and LIBERTY, respectively to continue making those violations.

28.     This is because Defendants GOLDIN and ROCHE authorized and oversaw each of NATIONAL's and LIBERTY's telemarketing processes and calls which were made on behalf of NATIONAL and LIBERTY, respectively.

29.     Furthermore, Defendants GOLDIN and ROCHE also personally liable because they were responsible for ensuring their agents and/or employees' TCPA compliance.

## IV.     **Factual Allegations**

30.     Defendants use robocalls to market their products and services.

31.     Defendants' telemarketing efforts include calling cell phone numbers that are listed on the National Do-Not-Call registry for more than 31 days prior to the calls.

32.     At all times material hereto, Plaintiff was the subscriber of the telephone number 484-626-3942 and paid his cell phone bill through T-Mobile.

33.     Plaintiff's personal cellular telephone number, 484-626-3942, has been successfully registered on the National Do-Not-Call Registry since June 26, 2015, more than 31 days prior to the calls.

9

34.     Beginning in January 2018, Plaintiff began to receive numerous prerecorded robocalls to his cellular telephone number (484) 626-3942 about debt relief programs from an unknown individual named "Steven".

35.     These robocalls were especially difficult for Plaintiff to track or document, and it was hard for Plaintiff to ascertain who was behind these robocalls.

36.     Often times, telemarketers utilize "caller ID spoofing", which is where fake caller ID displays on the recipient's telephone in an attempt to deceive the called party or conceal the identity of the telemarketer responsible. In this case, the individuals behind this rampant robocall campaign utilized caller ID spoofing to attempt to hide their true identities, so Plaintiff will need to seek discovery from the telemarketers responsible to determine the specific number of calls which were made to Plaintiff.

37.     At all times material herein, Plaintiff received all of the calls complained of in this case on his cellular telephone number, (484) 626-3942. This is the only telephone number Plaintiff owns.

38.     On January 18, 2018 at 10:41 AM, Plaintiff received the following voicemail from 503-342-2449: "Hello, it's Steven with benchmark, I hope you're having a good start to the New Year. Anyway, I wanted to reach out because I got you approved for the new debt relief program up to $55,000. I'm gonna have this approval with me for the next few days here, so call me as soon as you can. This was the program designed to lower the monthly payments and obviously satisfy this debt once and for all. Give me a call back at 503-342-2449. Again, that's 503-342-2449. Talk to you soon, and have a blessed day."

10

39.     This voicemail was made using automated technology to send a prerecorded message. Plaintiff knows that this is the case because the message was totally impersonal, generic, and was indicative of a recording, rather than a live human being.

40.     On March 8, 2018 at 12:39 PM, Plaintiff received the following voicemail from the caller ID (714) 503-8315: "From underwriting, I have some great news about your loan application. Call me as soon as possible. My phone number is 503-447-5363. Again that is 503-447-5363. Any one of my staff can help you. I look forward to hearing from you, and have a blessed day."

41.     Plaintiff could tell this was a prerecorded message and not a live human being because the message was impersonal, totally generic, and scripted.

42.     On March 9, 2018, at 10:03 AM, Plaintiff received the following "ringless voicemail" from the spoofed caller ID +1 0000000000, which played a prerecorded message: "Hello, this is Steven with quality one. I wanted to reach out because I got you approved up to $55,000 with the new debt relief program. I'm actually going to have this approval with me for the next few days, so when you get a chance, if you can call me back today, or as soon as you can. This is again with the program designed to lower the monthly payments, obviously satisfy the debt once and for all. You can reach me at 503-447-5313. Again, that's 503-447-5313. I'll talk to you soon, and have a blessed day."

43.     A ringless voicemail is when a robodialer places a prerecorded message in a person's voicemail without causing the recipient's telephone to ring. It is placed using an automatic telephone dialing system (ATDS). Plaintiff finds ringless voicemails very annoying.

44.     At 12:57 PM on March 12, 2018, Plaintiff received another "ringless voicemail" from the caller ID (360) 469-1557. The voicemail said: "Hello, this is Steven with quality one. I wanted to reach out because I got you approved up to $55,000 with the new debt relief program. I'm

11

actually going to have this approval with me for the next few days, so when you get a chance, if you can call me back today, or as soon as you can. This is again with the program designed to lower the monthly payments, obviously satisfy the debt once and for all. You can reach me at 503-447-5313. Again, that's 503-447-5313. I'll talk to you soon, and have a blessed day."

45.     At 3:59 PM on March 12, 2018, Plaintiff received another ringless voicemail from 714-519-2115: "Hello, this is Steven with quality one. I wanted to reach out because I got you approved up to $55,000 with the new debt relief program. I'm actually going to have this approval with me for the next few days, so when you get a chance, if you can call me back today, or as soon as you can. This is again with the program designed to lower the monthly payments, obviously satisfy the debt once and for all. You can reach me at 503-447-5313. Again, that's 503-447-5313. I'll talk to you soon, and have a blessed day."

46.     On March 12, 2018 at 7:42 PM, Plaintiff called 503-447-5313 to try to find out who was robocalling him, but was not able to get through to anyone.

47.     In a further effort to identify the caller's identity, Plaintiff called 503-447-5313 again on March 13, 2018 at 10:57 AM. Plaintiff heard a pause, followed by a click and a "bloop" sound, which is indicative of a live-transfer from a computer to a human being. Plaintiff was then connected with "Mindy Braun" at LIBERTY. Plaintiff feigned interest in student loan relief programs and interacted with "Mindy" on the phone.

48.     On March 12, 2018 at 11:04 AM, Plaintiff received an automated, unsolicited text message from a number which displayed on Plaintiff's telephone as (833) 286-1973. The message read as follows:

> We just spoke regarding your Federal student loan debt. Below please find my contact information.
>
> Regards,

12

Mindy Braun
Liberty Financial USA
Phone: 800-957-6697, Ext. 1008
Fax: 800-878-9746
Email: Mbraun@LibertyFinancialusa.com
Website:
www.LibertyFinancialUSA.com

49.     Defendant LIBERTY and/or ROCHE is believed to own the website

www.LibertyFinancialUSA.com, which is advertised as Defendant LIBERTY's webpage.

50.     Between March and May 8, Plaintiff received many additional calls from "Steven",

however, he did not document them and will need to seek discovery to fully ascertain when they

took place.

51.     On May 8, Plaintiff received a voicemail from 503-647-8189 at 8:35 AM, which said:

"Hello, this is Steven with quality one. I wanted to reach out because I got you approved up to

$55,000 with the new debt relief program. I'm actually going to have this approval with me for

the next few days, so when you get a chance, if you can call me back today, or as soon as you

can. This is again with the program designed to lower the monthly payments, obviously satisfy

the debt once and for all. You can reach me at 503-447-5313. Again, that's 503-447-5313. I'll

talk to you soon, and have a blessed day."

52.     On May 9, 2018 at 1:47 PM, Plaintiff called 503-447-5313 (the same number which

"Steven" kept telling Plaintiff to call) to attempt to identify the entities behind the robocalls.

Plaintiff heard a click and pause, followed by a "bloop" sound, then he was connected with a live

human being, "Daniel Mamos".

53.     As a result of this phone call, "Daniel Mamos", danny@studentservicing.net, sent

Plaintiff an e-mail on May 9, 2018 attempting to get the Plaintiff to enroll in a student loan relief

program.

13

54.     The entity which employs "Daniel Mamos" is defendant NATIONAL, which is

evidenced by the email received by Plaintiff that confirms NATIONAL's corporate identity.

55.     At no time did Plaintiff provide his consent to receive any calls from "Steven", the

robocalling defendants named herein, or anyone else involved in this dialing campaign.

56.     Prior to these unsolicited calls, the Plaintiff has never done any business with Defendants

and Plaintiff never provided one or more of Defendants with his cellular telephone number.

57.     Defendants did not have the Plaintiff's prior express written consent to make these calls.

58.     In fact, before filing this lawsuit, the Plaintiff wrote to defendant NATIONAL asking if

they had his prior express written consent to make the calls, but NATIONAL did not provide any

evidence of consent.

59.     Plaintiff also requested in his e-mail to have his number placed on NATIONAL 's

internal Do-Not-Call list, and requested to receive a copy of NATIONAL 's internal company

Do-Not-Call policy.

60.     NATIONAL failed and/or refused to provide a written copy of their internal company

Do-Not-Call policy to Plaintiff, despite a written e-mail request and notice of Plaintiff's intent to

file a formal claim.

61.     Pursuant to 47 CFR 64.1200(d)(1), a telemarketer is required, upon request, to send a

consumer a written copy of their company Do-Not-Call Policy.

62.     Defendants failed and/or refused to put Plaintiff's number on their internal company Do-

Not-Call list.

63.     To the extent Defendants contend that they obtained consent or agreement from Plaintiff

for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that

such records be maintained. In any event, consent is an affirmative defense under the TCPA, this

14

defense is unavailable unless Defendants can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff, and did not produce any such written consent, even though the Plaintiff contacted Paramount inquiring about the calls before filing this lawsuit.

64.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

65.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

66.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

67.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## Causes Of Action

## First Cause of Action

15

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

68.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

69.     As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

71.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

72.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

73.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

74.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

16

75.     As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

76.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

77.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

78.     As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

79. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

80.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

81.     As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

82.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

83. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

84.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

85.     As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

86.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

18

87.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### WHEREFORE, Plaintiff prays for relief against defendants, as follows:
### V.     Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8.

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$24,000** (7 counts of "Sales call/ Sales Text Message to a number registered on the National Do-Not-Call Registry", Seven counts each of "ATDS call/ ATDS text message", and one count each of "Failure to Put Plaintiff's Number on Defendants' Do-Not-Call list", and "Failure to provide a copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

### VI.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 15, 2018

*James E. Shelton*

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

19

## **VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: June 15, 2018

<span style="float:right;">James E. Shelton</span>

JAMES EVERETT SHELTON

20

James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

Clerk's Office, USDC EDPA
ATTN: DAN MCCORMICK
601 Market Street
Room 2609
Philadelphia, PA 19106



Mr. McCormick:

Please accept my apologies for providing the outdated Designation Form. Enclosed you will see the completed and current form for *SHELTON V. NATIONAL STUDENT ASSIST LLC.*

You will also find a check for $400.00 for fees and costs to complete filing of this case.

Finally, please mail the summons and other completed documents back to me at the above address.

Kindly do not hesitate to contact me if you incur additional issues, or have any questions, comments, or concerns.

Thank you kindly,

James E. Shelton