IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, | CIVIL ACTION |
| *Plaintiff*, | |
| v. | No. 18-cv-2545 |
| NATIONAL STUDENT ASSIST, LLC, ET AL., | |
| *Defendants*. | |

## ORDER

**AND NOW**, this 23rd day of May, 2019, upon consideration of the Motion to Dismiss filed by Defendants, National Student Assist, LLC and Nir J. Goldin (ECF No. 8), the Motion to Dismiss filed by Defendants, Liberty Financial USA, LLC and Brian Roche (ECF No. 15), and the responses and replies thereto, I find as follows:

**I.    FACTUAL BACKGROUND**

1. On June 25, 2018, Plaintiff James Shelton filed a Complaint, alleging several violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), arising out of Defendants' multiple automated telemarketing calls to Plaintiff used to advertise Defendants' goods and services. (Compl. ¶ 2, ECF No. 1.)

2. The TCPA prohibits "any person within the United States" from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C.

1

§ 227(b)(1). The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). The TCPA provides for a private right of action based on a violation of the TCPA, where the plaintiff may enjoin the person in violation and/or "recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3).

3. Plaintiff's Complaint avers that he owns a "personal" cell phone with a 484-area code, which is registered on the National Do Not Call Registry that alerts telemarketers that the owner of this number does not want to receive solicitations. (Compl. ¶¶ 32–33, ECF No. 1.)

4. According to the Complaint, Defendant National Student Assist, LLC is a business that markets and sells student loan relief, consolidation, and forgiveness services. (Id. ¶ 11, ECF No. 1.)  Defendant Goldin is the registered agent and primary owner of National Student Assist, LLC.  (Id. ¶ 12.)

5. The Complaint alleges that Defendant Liberty Financial USA, LLC is a business that also markets and sells student loan relief, consolidation, and forgiveness services.  (Id. ¶ 13.)  Defendant Brian Roche is the CEO and owner of Liberty Financial USA, LLC.  (Id. ¶ 14.)

6. Between January 18, 2018 and May 9, 2018, Plaintiff alleges that he received prerecorded robocalls[1] and text messages to his cell phone number about debt relief

---

[1] "The Telephone Consumer Protection Act was intended to combat, among other things, the proliferation of automated telemarketing calls (known as "robocalls") to private residences,

programs. These robocalls identified the caller as "Steven," and provided Plaintiff with a phone number to call. In March of 2018, Plaintiff called one such number provided (503-447-5513), and was connected with Defendant Liberty Financial USA, LLC. In May of 2018, Plaintiff received the same robocall from the same number, and was connected with National Student Assist, LLC. (Id. ¶¶ 32–53.)

7. Defendants have filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking the dismissal of the Complaint because (a) Plaintiff's judgment recovery business precludes him from asserting an injury-in-fact or that his damages fall within the "zone of interests" necessary to establish standing; (b) Defendant Goldin and Roche's connections to Pennsylvania are too tenuous for this Court to exercise personal jurisdiction; and (c) Defendants National Student Assist, LLC and Goldin have been improperly joined. (Defs.' Mot. Dismiss, ECF No. 8; Defs.' Mot. Dismiss, ECF No. 15.)

8. Plaintiff responds that his business does not preclude him from establishing Article III standing, and that the individual Defendants' connections to Pennsylvania support specific personal jurisdiction. I will address each of Defendants' arguments below.

## II.   LEGAL STANDARD

9. Federal Rule of Civil Procedure 12(b)(1) permits a party to bring a motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The burden of establishing federal jurisdiction rests with the party asserting its

---

which Congress viewed as a nuisance and an invasion of privacy." Leyse v. Bank of Am. Nat. Ass'n, 804 F.3d 316, 322 (3d Cir. 2015).

existence. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). A district court must first determine "whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).

10. A facial attack an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court. Id. at 358. When evaluating a facial attack, like the one before me, courts apply the same standard of review used when "considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Aichele, 757 F.3d at 358.

11. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. To determine the sufficiency of a complaint under Twombly and Iqbal, a court must take the following three steps: (1) the court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement for relief." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted).

## III.  DISCUSSION

### A.  Constitutional Standing – Injury in Fact

12. Defendants have moved to dismiss Plaintiff's Complaint, arguing that Plaintiff has failed to establish "injury in fact" because Plaintiff operates a professional judgment recovery business, whereby he files TCPA lawsuits to generate profits. (Defs.' Mot. Dismiss at 7–9, ECF No. 8-1; Defs.' Mot. Dismiss at 7–10, ECF No. 15-1.)

13. To establish Article III standing, Plaintiff must allege "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 272 (3d Cir. 2016) (citation and internal quotation marks omitted).

14. To establish an injury-in-fact, Plaintiff must allege that he has suffered "an invasion of a legally protected interest" that is both "actual or imminent, not conjectural or hypothetical" and "concrete and particularized." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "The Third Circuit Court of Appeals has held that 'the actual or threatened injury required by Art[icle] III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.'" Shelton v. Nat'l Gas & Electric, LLC, No. CV 17-4063, 2019 WL 1506378 (E.D. Pa. Apr. 5, 2019) (quoting In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 636 (3d. Cir. 2017) (alteration in original)). "When one sues under a statute

alleging 'the very injury [the statute] is intended to prevent,' and the injury 'has a close relationship to a harm . . . traditionally . . . providing a basis for a lawsuit in English or American courts,' a concrete injury has been pleaded." <u>Susinno v. Work Out World Inc.</u>, 862 F.3d 346, 351 (3d Cir. 2017) (quoting <u>Horizon</u>, 846 F.3d at 639–40). In <u>Susinno</u>, the Third Circuit held that plaintiff's allegations of "nuisance and invasion of privacy resulting from a single prerecorded telephone call . . . asserts the very harm that Congress sought to prevent." <u>Susinno</u>, 862 F.3d at 351.

15. Here, Plaintiff has sufficiently alleged an injury-in-fact by averring that he received automated telemarketing calls from Defendants that were a nuisance. (Compl. ¶¶ 32–53.)  This is the very injury that the TCPA was intended to prevent.  <u>Susinno</u>, 862 F.3d at 351.

16. Defendants' arguments are more appropriate for summary judgment, as they ask me to consider evidence outside the operative pleadings.  For example, Defendants provide a photograph of Plaintiff's business webpage that states: "If you are reading this website, you are most likely a telemarketer that has illegally called my phone. You are going to be sued.  I played along with your telemarketer script in order to find out who you really are.  Now I am going to sue you for violating 47 U.S.C. § 227."  (Defs.' Mot. Dismiss 20, ECF No. 8-1.)  Defendants also point to evidence that Plaintiff has instituted approximately thirty TCPA lawsuits.  (<u>Id.</u> at 14–15.)

17. Defendants' citation to <u>Stoops v. Wells Fargo Bank, N.A.</u>, 197 F. Supp. 3d 782 (W.D. Pa. 2016) is inapposite because the court in <u>Stoops</u> was considering a motion summary judgment.[2]

18. Accordingly, Plaintiff has alleged standing under the TCPA by averring that Defendants made even a single prerecorded telephone call to him. With the benefit of discovery, Defendants may be able to establish a lack of standing; however, Defendants' motions must be denied as this juncture.

B.  **Prudential Standing**

19. Defendants have similarly moved to dismiss Plaintiff's Complaint, arguing that Plaintiff has failed to establish prudential standing because Plaintiff cannot establish "zones of interests" where he uses the TCPA to make a profit. (Defs.' Mot. Dismiss at 15–17, ECF No. 8-1; Defs.' Mot. Dismiss at 15–17, ECF No. 15-1.)

20. Even where Article III standing has been alleged, the United States Supreme Court has held that "principles of prudence" may require the court to refuse to adjudicate a claim. <u>Gladstone Realtors v. Village of Bellwood</u>, 441 U.S. 91, 99–100 (1979). Congress may legislate away any such prudential restraints. <u>Gen. Instrument Corp. of Del. v. Nu-Tek Elecs. & Mfg., Inc.</u> 197 F.3d 83, 87 (3d Cir. 1999) ("Where Congress has expressly conferred standing by statute, prudential standing concerns are superseded.").

---

[2] Defendants also cite <u>Shelton v. Target Advance LLC</u>, No. CV 18-2070, 2019 WL 1641353, at *1 (E.D. Pa. Apr. 16, 2019). (Defs.' Suppl. Letter, May 15, 2019, ECF No. 24.) However, this case also applied the summary judgment standard, instead of the motion to dismiss standard that is applicable here.

7

21. "Prudential standing 'require[s] that (1) a litigant assert his [or her] own legal interests rather than those of third parties, (2) courts refrain from adjudicating abstract questions of wide public significance which amount to generalized grievances, and (3) a litigant demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute, rule, or constitutional provision on which the claim is based.'" Freeman v. Corzine, 629 F.3d 146, 154 (3d Cir. 2010) (quoting Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery Cnty., 271 F.3d 140, 146 (3d Cir. 2001)).

22. Here, Defendants only challenge the third requirement, arguing that Plaintiff cannot establish that his interests fall within the "zone of interests" protected by the statute because Plaintiff operates a business wherein he files TCPA lawsuits for profit.

23. As detailed above, the TCPA's purpose is to protect consumers from unwanted robocalls. Because Plaintiff has alleged that he received unwanted marketing calls from Defendants, which was a nuisance, Plaintiff has demonstrated that his interests fall within the zone of interests intended to be protected by the TCPA. See Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 325 (3d Cir. 2015) ("[Congress's] primary concern in enacting § 227(b)(1)(B) was to protect [the called] party from unwanted robocalls. This necessarily means that the 'called party' is within the zone of interests protected by the Act.").

24. Again, Defendants' arguments are more appropriately considered at summary judgment after the completion of discovery.

C. **Personal Jurisdiction Over Defendants Goldin and Roche**

25. Defendant Godin argues that there is no personal jurisdiction over him because Plaintiff has failed to establish any particular minimum contacts. (Defs.' Mot. Dismiss at 20–22, ECF No. 8-1.) Plaintiff responds that he has properly alleged that Defendant Goldin was the "guiding spirit" and "central figure" to the scheme. (Pl.'s Resp. at 21–23. ECF No. 16-1.)

26. Defendant Roche similarly argues that there is no personal jurisdiction over him because Plaintiff has failed to establish any particular minimum contacts, and only alleges that Defendant Roche was an officer of Defendant National Student Assist, LLC. (Defs.' Mot. Dismiss at 19–22, ECF No. 15-1.) Plaintiff responds that he has properly alleged that Defendant Roche can be liable as a corporate officer, and that any "piercing the corporate veil" arguments are properly decided at summary judgment. (Pl.'s Resp. at 3–4. ECF No. 18.)

27. When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the court must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). However, "[o]nce a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 403 (D. Del. 2002) (citing Provident Nat'l Bank v. Cal. Federal Sav. & Loan Assoc., 819 F.2d 434, 437 (3d. Cir. 1987)). They may do so through sworn affidavits or other competent evidence. Parker v.

Learn Skills Corp., 530 F. Supp. 2d 661, 670 (D. Del. 2008) (citing Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.3d 61, 66 n.9 (3d Cir. 1984)). A plaintiff "is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations." Id.

28. The Pennsylvania long-arm statute "extend[s] to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Due process requires the defendant to "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This "minimum contacts" doctrine can be met through a showing of "general jurisdiction" or "specific jurisdiction." Id.

29. The dispute here is whether Plaintiff has established specific jurisdiction. Specific jurisdiction refers to the authority to hear cases in which "the suit aris[es] out of or relate[s] to the defendant's contacts with the forum." Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). This type of personal jurisdiction exists where (a) "the defendant has 'purposefully directed' his activities at residents of the forum," and (b) "the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King v. Rudzewicz, 471 U.S. 462, 476 (1985) (citations omitted).

30. "As a general matter, if a corporation is found to have violated a federal statute, its officers will not be personally liable solely because of their status as officers." City

>Select Auto Sales, Inc. v. David Randall Assocs., Inc., No. 11-2658, 2017 WL 1170828, at *5 (D.N.J. Mar. 28, 2017), aff'd, 885 F.3d 154 (3d Cir. 2018). However, "an individual acting on behalf of a corporation may, under certain limited circumstances, be held personally or individually liable for the corporation's violation of the TCPA if the individual: (1) had direct, personal participation in the conduct found to have violated the TCPA, or (2) personally authorized the conduct found to have violated the TCPA." Id.  In order to determine whether a corporate officer will be subject to personal jurisdiction, the following factors should be examined: "the officer's role in the corporate structure, the quality of the officer's contacts, and the extent and nature of the officer's participation in the alleged tortious conduct." Mendelsohn, Drucker & Assocs. v. Titan Atlas Mfg., Inc., 885 F. Supp. 2d 767, 784 (E.D. Pa. 2012) (quoting Maleski by Taylor v. DP Realty Trust, 653 A.2d 54, 63 (Pa. Commw. Ct. 1994)).

31. Here, Plaintiff alleges that Defendants Goldin and Roche are personally liable because (a) they are corporate officers and/or principal owners of Defendants National Student Assist, LLC and Liberty Financial USA, LLC; (b) they knew of their companies' violations and directed employees to continue to violate the TCPA; (c) they oversaw the telemarketing processes and calls; and (d) they were responsible for ensuring TCPA compliance at the companies.  (Compl. ¶¶ 27–29, ECF No. 1.)

32. But, Plaintiff fails to allege with any specificity any instance where either individual Defendant directed, authorized, or oversaw unlawful activity.  Plaintiff's allegations appear to stem from Defendants' positions as CEO or owner.  Such

extrapolations are insufficient to plead personal involvement in their companies' unlawful conduct. Accordingly, I will grant Defendants' motion as to personal jurisdiction, and will provide Plaintiff leave to amend as to this issue.

### D. Improper Joinder

33. Defendants National Student Assist, LLC and Goldin assert that Plaintiff has improperly included them as parties, arguing that it is unclear from Plaintiff's Complaint whether all Defendants working jointly, or just all guilty of violating the TCPA. (Defs.' Mot. Dismiss at 28–30, ECF No. 8-1.) Plaintiff responds that the Complaint clearly shows that both companies hired the same dialing company to make robocalls. (Resp. 23–24, ECF No. 16.)

34. Defendants have apparently misread Plaintiff's Complaint. As set forth above, Plaintiff has explicitly pled violations of the TCPA by both Defendants National Student Assist, LLC and Liberty Financial USA, LLC. Accordingly, Defendants' Motion to Dismiss will be denied as to this issue.

**WHEREFORE**, it is hereby **ORDERED** that the Motions to Dismiss filed by Defendants, National Student Assist, LLC and Nir J. Goldin (ECF No. 8), and Defendants, Liberty Financial USA, LLC and Brian Roche (ECF No. 15) are **GRANTED IN PART** and **DENIED IN PART** as follows:

- Defendants' Motion as to constitutional and prudential standing are **DENIED**;
- Defendants Goldin and Roche's Motion as to personal jurisdiction are **GRANTED**, and Plaintiff is provided with leave to amend; and
- Defendants National Student Assist, LLC and Goldin's Motion as to improper joinder is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file and Amended Complaint **within thirty (30) days** of the date of this Order.

        **BY THE COURT:**

        */s/ Mitchell S. Goldberg*

        **MITCHELL S. GOLDBERG, J.**