IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | No. 18-cv-2545 |
| **NATIONAL STUDENT ASSIST, LLC,** et al., | : | |
| **Defendants.** | : | |

# ORDER

**AND NOW**, this 28th day of February, 2020, upon consideration of Defendants National Student Assist, LLC and Nir J. Goldin's "Second Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction" (ECF No. 27), Defendants Liberty Financial USA, LLC and Brian Roche's "Second Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction" (ECF No. 28), and Plaintiff's opposition thereto (ECF No. 29), I find as follows:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff James Shelton's original Complaint, filed on June 15, 2018, brought claims against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), arising out of multiple automated telemarketing calls advertising student loan relief programs. (Compl. ¶¶ 2, 47, 53–54 ECF No. 1.)

2. Defendants sought dismissal of the original Complaint, arguing that (a) Plaintiff had not suffered a concrete injury because his claims were based on calls to a business telephone number used to "drum up TCPA litigation"; (b) Plaintiff's damages did not fall within the "zone of interest" of the TCPA; (c) Defendant Goldin and Roche's ("Individual Defendants")

connections to Pennsylvania were too tenuous for me to exercise personal jurisdiction over them; and (d) Defendants were improperly joined in this action. (Defs.' Mot. Dismiss, ECF No. 8; Defs.' Mot. Dismiss, ECF No. 15.)

3. On May 23, 2019, I entered an Order (a) denying Defendants' motions as to standing; (b) granting Individual Defendants' motions as to lack of personal jurisdiction, but granting Plaintiff leave to amend the Complaint on this issue; and (c) denying Defendants' motions as to improper joinder. (ECF No. 25.)

4. On June 21, 2019, Plaintiff filed an Amended Complaint, seeking to cure any deficiencies in the specificity of his allegations against Individual Defendants regarding their direction, authorization, or oversight of activity allegedly in violation of the TCPA.

5. Defendants have since filed motions to dismiss the Amended Complaint, raising, again, arguments based on standing, personal jurisdiction over Individual Defendants, and improper joinder. (ECF No. 27; ECF No. 28.)

6. For the same reasons set forth in my May 23, 2019 Order, I will deny Defendants' motions to dismiss the Amended Complaint for lack of standing and improper joinder.

7. The only issue before me that was not resolved by my previous Order is whether Plaintiff has alleged facts sufficient to subject Individual Defendants to personal jurisdiction in this Court.

8. Because the facts of this case are set forth in detail in my May 23, 2019 Order, I will recite here only those facts—newly added to the Amended Complaint—relevant to Defendants' argument that I lack personal jurisdiction over Individual Defendants:

- Individual Defendants are "personally liable under the 'participation theory' of liability because they are corporate officers and/or the principal Owners of NATIONAL and LIBERTY, respectively, knew of their companies' violations, and directed employees

− and/or agents of these NATIONAL and LIBERTY, respectively to continue making those violations." (Am. Compl. ¶ 21, ECF No. 26.)

− Individual Defendants "authorized and oversaw each of NATIONAL's and LIBERTY's telemarketing processes and calls which were made on behalf of NATIONAL and LIBERTY, respectively." (Id. at ¶ 22.)

− Individual Defendants "knew that it was illegal to make robocalls to consumers, but despite their knowledge of acts that constituted violations of the TCPA, they did nothing to cease their illegal conduct." (Id. at ¶ 23.)

− "It is believed, and therefore averred, that [Individual Defendants] used their own funds to pay for a robodialing campaign which blatantly violated the TCPA." (Id. at ¶ 24.)

− Individual Defendants "personally directed their agents and employees to make robocalls to consumers whose numbers were on the Do Not Call Registry." (Id. at ¶ 25.)

− "[I]t is believed, and therefore averred, that [Individual Defendants] personally sought out and hired the same robodialing company and/or lead generation provider to harass the Plaintiff with robocalls." (Id. at ¶ 26.)

− Individual Defendants "knew that these robocalls were deceptive and employed the practice of caller ID spoofing and knew that the practice of caller ID spoofing was illegal, but continued to allow, condone, and pay for these illegal robocalls." (Id. at ¶ 27.)

9. For the reasons that follow, Individual Defendants' motions to dismiss for lack of personal jurisdiction will be denied.

## II. LEGAL STANDARD

10. When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the court must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). If a defendant contends that the Court lacks personal jurisdiction over it, then the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H. J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)). As is the case here, if the district court does not hold an evidentiary hearing, a plaintiff "need only establish a *prima facie* case

of personal jurisdiction." Id. (citation omitted). However, a plaintiff "is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations." Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 403 (D. Del. 2002) (citing Provident Nat'l Bank v. Cal. Federal Sav. & Loan Assoc., 819 F.2d 434, 437 (3d. Cir. 1987)).

### III.   DISCUSSION

11.   Defendant Godin contends that there is no personal jurisdiction over him because Plaintiff has failed to allege that he had any minimum contacts with Pennsylvania. (ECF No. 27 at 20–21.) Defendant Godin also argues that he is named as a defendant simply because he is an officer of Defendant National Student Assist, LLC, which is not sufficient to establish personal jurisdiction over him. (ECF No. 27 at 20–21.) Plaintiff responds that Defendant Goldin had actual knowledge that it was illegal for his company to make "robocalls" to consumers and that he "not only did nothing to operate his company in compliance with the law, [but] he was personally involved in the violations of the TCPA." (ECF No. 29 at 9.) Plaintiff also argues that, in the Amended Complaint, he has alleged that Defendant Goldin used his own funds to pay for "a robo-calling campaign which blatantly violated the TCPA" and "personally sought out and hired the same robo-calling company and/or lead generation provider to harass the Plaintiff with robocalls." (Id.)

12.   Defendant Roche similarly contends that there is no personal jurisdiction over him because Plaintiff has failed to allege that he had any personal knowledge of or personally took any action related to the TCPA claims. (ECF No. 28 at 23.) Defendant Roche further asserts that the Amended Complaint contains no allegations that he engaged in any activity within Pennsylvania. (Id.) Plaintiff failed to respond to these arguments in his opposition. (ECF No. 29 at 9–12.)

13. I disagree with Individual Defendants and conclude that I have personal jurisdiction over them. A district court "typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute authorizes courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States . . . ." 42 Pa. Cons. Stat. Ann. § 5322(b). Due process requires that the nonresident defendant have "minimum contacts" with the forum state, and "that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'" Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

14. Two types of personal jurisdiction have evolved from these due process principles: general jurisdiction and specific jurisdiction. General personal jurisdiction is satisfied when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks omitted); see also Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016). Specific personal jurisdiction exists when "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." Remick, 238 F.3d at 255 (internal quotation marks omitted). In order to assert specific personal jurisdiction, Plaintiff must show that his claim arises out of or relates specifically to activities that Defendants "purposefully directed" at Pennsylvania. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).

15. Plaintiff does not assert that Individual Defendants are subject to general jurisdiction. Rather, he asserts that the Court has specific personal jurisdiction over Individual

Defendants based upon the phone calls made to his cell phone by Defendants that give rise to this action. As such, I will focus on Plaintiff's allegations of specific personal jurisdiction.[1]

16. It is well settled that "a plaintiff must demonstrate other meaningful contacts with the forum apart from the contacts of the corporate entity of which the defendant is an officer or director." See, e.g., Simkins Corp. v. Gourmet Resources Int'l, Inc., 601 F. Supp. 1336, 1344 (E.D. Pa. 1985). Personal jurisdiction must be established based upon corporate officers' individual acts on behalf of the corporation. See id. "[A]n individual acting on behalf of a corporation may, under certain limited circumstances, be held personally or individually liable for the corporation's violation of the TCPA if the individual: (1) had direct, personal participation in the conduct found to have violated the TCPA, or (2) personally authorized the conduct found to have violated the TCPA." City Select Auto Sales, Inc. v. David Randall Assocs., Inc., No. 11-2658, 2017 WL 1170828, at *5 (D.N.J. Mar. 28, 2017), aff'd, 885 F.3d 154 (3d Cir. 2018).

17. For example, personal jurisdiction over corporate officers has been found in a TCPA action where the officers did not themselves place offending telephone calls but "were responsible for designing and implementing all activity by [the] telemarketers, including deliberately turning off all Do–Not–Call lists" and "personally received numerous emails concerning requests to stop the calls" but ignored them. Ott v. Mortg. Inv'rs Corp. of Ohio, 65 F. Supp. 3d 1046, 1061 (D. Or. 2014).

18. Conversely, a district court found that it lacked personal jurisdiction in a TCPA action where the plaintiff did not plead the corporate officers' "personal involvement or knowledge of the alleged calls" and made only "conclusory allegation[s]" that the defendants "[were]

---

[1] Plaintiff has not rebutted the Individual Defendants' motions by producing an affidavit setting out facts that are sufficient to support a finding of specific personal jurisdiction over them. Therefore, I must evaluate whether the allegations in the Amended Complaint, when viewed in the light most favorable to Plaintiff, support such a finding.

corporate officers in control of the Defendant corporations." Roylance v. Carney, No. 5:13-CV-04258, 2014 WL 1652440, at *4 (N.D. Cal. Apr. 23, 2014); see also Cunningham v. CBC Conglomerate, LLC, 359 F. Supp. 3d 471, 480 (E.D. Tex. 2019) (finding that conclusory allegations of corporate officers' directing employees to place automated, illegal calls for their own profit and benefit was insufficient to establish personal jurisdiction).

19. Placed on this spectrum, I find that Plaintiff's allegations are sufficient to make a *prima facie* showing of personal jurisdiction over Individual Defendants. Plaintiff alleges that Individual Defendants used their own funds to pay for the "robodialing campaign" at issue and that they "personally directed" their employees to make calls to consumers, like Plaintiff, who were on the Do Not Call Registry. (Am. Compl. ¶¶ 24–25, ECF No. 26.) Plaintiff also asserts that Individual Defendants personally sought out and hired the same "robodialing company and/or lead generation provider" for the purpose of harassing Plaintiff with these calls. (Id. at ¶ 26.) Although the evidence may ultimately be insufficient to prove the personal liability of Individual Defendants, when viewed in the light most favorable to Plaintiff, I find that, at this stage of the litigation, these facts sufficiently establish Individual Defendants' minimum contacts with Pennsylvania.[2]

---

[2] Plaintiff adds to the Amended Complaint an Ohio state law claim against Defendant Roche regarding "highly threatening and extortionate" communications allegedly from Defendant Roche to Plaintiff subsequent to Plaintiff's filing of the original Complaint. (Am. Compl. ¶¶ 67–87.) In these new allegations, Plaintiff quotes extensively from various calls, texts, and emails that he claims are from Defendant Roche and which he asserts were intended to intimidate Plaintiff into dismissing his TCPA action. Defendant Roche argues that this new state law claim should be dismissed because I lack personal jurisdiction over him.

Having already found that Plaintiff's TCPA claims against Defendant Roche will survive dismissal under Rule 12(b)(2), I will exercise supplemental jurisdiction over his state law claim. A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case and controversy . . . ." 28 U.S.C. § 1367(a). Here, Defendant Roche's allegedly threatening communications directly result from Plaintiff's filing this TCPA lawsuit, and their content concerns the settlement of this matter. Moreover, an evaluation of whether Defendant Roche's communications were, in fact, intended to harass or intimidate under Ohio law may require an evaluation

**WHEREFORE**, it is hereby **ORDERED** that Defendants National Student Assist, LLC and Nir J. Goldin's Second Motion to Dismiss (ECF No. 27) and Defendants Liberty Financial USA, LLC and Brian Roche's Second Motion to Dismiss (ECF No. 28) are **DENIED**.

It is **FURTHER ORDERED** that, **within twenty-one (21) days from the date of this Order**, Defendants shall file an Answer to the Amended Complaint.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

of Plaintiff's TCPA claims. As such, I will exercise supplemental jurisdiction over the Ninth Cause of Action.